IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE L. SATTERFIELD,            :

      Plaintiff            :            Civil Action 2:08 CV 387

v.            :            Judge Holschuh

FRANKLIN COUNTY SHERIFF,            :            Magistrate Judge Abel

      Defendant            :

# ORDER

This matter is before the Court pursuant to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 31).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires." Rule 15(a), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

The original complaint was filed by the Plaintiff on April 23, 2008 against the Franklin County Sheriff's Office. It consists of claims of sexual harassment in violation of Ohio Rev. Code Section 4112 and Title VII of the Civil Rights Act of 1964, retaliation in violation of Ohio Rev. Code Section 4112 and Title VII of the Civil Rights Act of 1964, wrongful termination in violation of public policy, and intentional infliction of emotional distress. The Prayer for Relief asks the Court for lost wages, punitive damages, liquidated damages, pre-judgment and post-judgment interest, attorney's fees, court costs, and any other relief the Court deems appropriate.

Plaintiff has moved for leave to amend her complaint to delete the claim of wrongful termination in violation of public policy, to add James Karnes in his individual capacity as a defendant, to include additional factual allegations that support her claim against Karnes in his individual capacity, and to amend the Prayer for Relief explicitly to include compensatory damages broader than lost wages.

Defendant filed a response to the Plaintiff's motion (Doc. 35), opposing the addition of Karnes in his individual capacity as a defendant, and opposing the inclusion of additional factual assertions. Defendant does not oppose the amendment of the complaint to delete the claim for wrongful termination in violation of public policy. Likewise, Defendant does not oppose the amendment to the Prayer for Relief.

Defendant argues that the Plaintiff has not shown good cause for the amended complaint under Fed. Rule Civ. P. 16(b), that the Plaintiff unduly delayed filing her motion,

and that Karnes will suffer prejudice if added as a defendant in his individual capacity at this point in the proceedings.

Defendant argues that the Plaintiff unreasonably delayed in amending her complaint, but delay alone is not grounds for denying leave to amend. *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990). The party opposing leave to amend must demonstrate significant prejudice as a result of the delay. *Duggins,* 195 F.3d at 834. The Court determines prejudice by considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994). The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice. *Id.* Courts have found prejudice when the amendment is made after the discovery deadline has passed, *Duggins v. Steak 'N Shake,* 195 F.3d at 843 (Plaintiff aware for months of basis claim, but did not move to amend until discovery deadline had passed and motion for summary judgment was filed); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995)(Amendment sought one month before trial); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987). Parties may be prejudiced by amendments made close to the start of trial. *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986) (finding prejudice in granting amendment on the eve of trial). However, when there is no demonstrable prejudice, even amendments made on the eve of trial are permissible. *United*

3

*States v. Wood,* 877 F.2d 453, 456-57 (6th Cir. 1989)(Amendment permitted three weeks before trial). Further, even when there is some degree of prejudice, the Court may be able to fashion a remedy which would permit the amendment. *See Janikowski,* 823 F.2d at 952.

Defendant claims that he will be prejudiced if required to undertake a defense in his individual capacity. He claims that his ability to formulate a strategy in defense of such claims would be compromised if Plaintiff were allowed to amend her complaint because Defendant conducted the entire discovery process as if he were being sued only in his official capacity and not in his individual capacity.

Here, Plaintiff has good cause for moving to amend her complaint. Plaintiff's Reply Memorandum in Support of the Motion to File First Amended Complaint (Doc. 36) states that the deposition of the Sheriff Karnes revealed the basis for his personal animus toward her, as well as his central role in her termination. When a claim against Sheriff Karnes in his individual capacity became apparent, after the deposition of the Sheriff, Plaintiff moved for leave to amend her complaint. Plaintiff asserts that Defendant's claim that she should have been aware of her claim against Karnes in his individual capacity for many months is not supported by the record. In fact, she was unaware of the degree of his personal involvement in her termination and in the handling of her sexual harassment claims until Karnes was deposed.

In this instance, Defendant has not identified any demonstrable prejudice from the delay in amending the complaint. There is no showing of prejudice to Karnes sufficient to

preclude Plaintiff from joining him as a defendant in his individual capacity. In Karnes's motion opposing the amendment, the only prejudice he claims is the fact that he was unable to prepare a defense for himself in his individual capacity during the discovery process. The addition of Sheriff Karnes in his individual capacity will not require the Defendant to expend significantly more resources in his defense, nor will granting leave to amend the complaint significantly delay the resolution of the dispute. Defendant has not identified any discovery he would have taken had he known that he was being sued in his individual capacity. He does not identify any discovery he would like to take if the Court grants Plaintiff's motion to amend the complaint.

Although defense counsel asserts that she did not conduct discovery with the thought that Karnes was exposed to personal liability, she does not explain how she would have conducted discovery differently if he had been named individually. Sheriff Karnes was the decision-maker. His conduct and his decisions were always central to this case. Moreover, Karnes is the Sheriff. He rightly takes suits against his office seriously and defends them vigorously. This case is no exception.

Nonetheless, if there is additional discovery Defendant Karnes wants to take to defend the claims against him in his individual capacity, his counsel should advise Plaintiff's counsel, and they should agree to a brief additional discovery period. If so, counsel should provide me with the proposed schedule on or before October 9, 2009.

Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 31) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the amended complaint attached

5

to the motion.

Under the provisions of 28 U.S.C. § 636(b)(a)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of his Order found to be clearly erroneous or contrary to law.

/s/ Mark R. Abel
United States Magistrate Judge